UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDDIE J. RODRIGUEZ,

      Petitioner,

    v.

UNITED STATES OF
AMERICA,

      Respondent.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 05-5884 (JEI)

**OPINION**

**APPEARANCES:**

EDDIE J. RODRIGUEZ, Defendant, *pro se*
Inmate No. 40721-050
P.O. Box 420
F.C.I. Fairton
Fairton, N.J.  08320

CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
By: William E. Fitzpatrick, Esq.
401 Market Street, 4th Floor
Camden, New Jersey 08101
      Counsel for Respondent

**IRENAS**, Senior District Court Judge:

    Presently before the Court is Petitioner's Motion to Vacate,

Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

Petitioner bases his motion on one claim: that his Sixth

Amendment right to effective assistance of counsel was violated

when his attorney failed to object to this Court's imposition of

a 130-month sentence upon Petitioner's guilty plea.  For the

reasons set forth below, Petitioner's application will be

dismissed as time-barred.

## I.

Petitioner, Eddie J. Rodriguez (hereinafter "Petitioner") pled guilty to 18 U.S.C. § 2113(a), bank robbery, and on January 12, 2004, he was sentenced to a prison term of 130 months.

On or about January 8, 2003, Petitioner entered the Hudson United Bank, located at 2194 Haddonfield-Berlin Road, in Camden County, New Jersey. He approached a bank employee, brandished a metallic BB gun, took $10,448.00 in U.S. currency from the teller's drawer, and placed the currency in a plastic bag. Immediately after the robbery, the Cherry Hill Police Department transmitted a description of Petitioner and his vehicle to all available officers.

Petitioner was stopped a short time later as a passenger in a grey Jeep Grand Cherokee driven by his girlfriend, Sonia Santiago. The traffic stop occurred approximately three to four miles from the location of the robbery. Arresting officers recovered $10,448.00 and the metallic BB gun from Petitioner inside the Jeep.

Petitioner was charged with knowingly and willfully taking by force, violence, and intimidation from employees of Hudson United Bank approximately $10,500.00 belonging to, and in the care, custody, control, management, and possession of that

2

institution, in violation of 18 U.S.C. § 2113(a) and (2).

On September 12, 2003, Petitioner pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a).  On January 12, 2004, this Court sentenced Petitioner to 130 months imprisonment. No direct appeal was taken.

This Section 2255 Motion comes after Petitioner's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), which this Court denied on May 2, 2005.  Though couched this time as an ineffective assistance of counsel claim, Petitioner's present motion seeks to reassert the same basic attack on his sentence that he asserted in his previous motion: that *United States v. Booker*, 543 U.S. 220 (2005); *Blakely v. Washington*, 542 U.S. 296 (2004); and *Apprendi v. New Jersey,* 530 U.S. 466 (2000) require that his current sentence be vacated.

## II.

Section 2255 provides, in pertinent part, that:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to be
> released upon the ground that the sentence was imposed
> in violation of the Constitution or laws of the United
> States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in
> excess of the maximum authorized by law, or is
> otherwise subject to collateral attack, may move the
> court which imposed the sentence to vacate, set aside
> or correct the sentence.

28 U.S.C. § 2255 (2000).  Thus, Petitioner is entitled to relief

only if he can establish that he is in custody in violation of federal law or the Constitution.

A one-year period of limitation applies to Section 2255 motions.  Pursuant to Paragraph 6 of Section 2255, the limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For the reasons outlined below, the Court holds that Petitioner's Motion is untimely filed.  Accordingly, Petitioner's application will be dismissed.

**A.**

More than one year has passed since Petitioner's judgment of conviction became final.  Indeed, when this Court denied Petitioner's previous § 3582(c)(2) Motion, we noted that "normally an attack on a sentence would be raised in a motion

under 28 U.S.C. § 2255" but "since this motion was filed more than one year after Rodriguez's judgment of conviction became final, he would be out of time to file a § 2255 motion."  *United States v. Rodriguez*, No. 03-cr-0645, Order at p. 1-2 & n.1 (D.N.J. May 2, 2005) (hereinafter the "May 2, 2005 Order").

Petitioner, undeterred by the Court's previous order, has filed the present motion, asserting that pursuant to § 2255 ¶6(3) his petition is timely because *Booker* was decided on January 12, 2005, and his petition was filed on December 12, 2005-- within one year of the *Booker* decision. (See Pet. Br. at 3-4)

A new one-year period would start to run from "the date on which the right asserted was initially recognized by the Supreme Court, *if* that right has been newly recognized by the Supreme Court *and made retroactively applicable to cases on collateral review.*"  28 U.S.C. § 2255 ¶6(3) (emphasis added).  As explained in the Court's May 2, 2005 Order, the Supreme Court has not held *Booker* retroactively applicable to cases on collateral review. *See* May 2, 2005 Order at ¶ 2-3 (relying on *Tyler v. Cain*, 533 U.S. 656 (2001) and *In re Olopade*, 403 F.3d 159 (3d Cir. 2005)). Moreover, the Third Circuit has explicitly held that *Booker* "is a new rule of criminal procedure that is not retroactively applicable to cases on collateral review."  *U.S. v. Armstrong*, 151 Fed. Appx. 155, 156 (3d Cir. 2005); *see also Lloyd v. U.S.*, 407 F.3d 608, 614 (3d Cir. 2005) (holding that "*Booker* does not

5

apply retroactively to cases on collateral review").  Therefore,

§ 2255 ¶6(3) does not save Petitioner's untimely motion.

Accordingly, Petitioner's Section 2255 Motion will be

dismissed.


**III.**

For the reasons set forth above, this Court will dismiss

with prejudice Petitioner's Motion to Vacate, Set Aside or

Correct Sentence pursuant to 28 U.S.C. § 2255.  The Court will

issue an appropriate order.


Date:   April 19, 2006


s/*Joseph E. Irenas*
JOSEPH E. IRENAS, S.U.S.D.J.